Michael A. IRBY, Plaintiff—Appellant,

v.

Robert COOLIDGE, Captain, California Department of Forestry and Fire Protection, Defendant—Appellee,

and

Rae Stewart, Sergeant, California Department of Corrections; Tom Berry, Chief, California Department of Forestry and Fire Protections; Bill Brenegan, Lieutenant, California Department of Corrections, Defendants.

No. 02–17404.

D.C. No. CV–01–02167–EJG/GGH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2004.

Decided March 24, 2004.

Michael A. Irby, Santa Clara, CA, pro se.

George Seikaly, Office of the Attorney General, Department of Justice, Sacramento, CA, for Defendant–Appellee/Defendants.

Before SCHROEDER, Chief Judge, TALLMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Former California state prisoner Michael Irby appeals pro se the district court's summary judgment dismissing his federal civil rights action for failure to exhaust administrative remedies. We review the factual findings regarding exhaustion for clear error and the application of substantive law de novo. *Wyatt v. Terhune,* 315 F.3d 1108, 1120 (9th Cir.2003). Exercising our jurisdiction under 28 U.S.C. § 1291, we reverse and remand.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The Prison Litigation Reform Act requires a prisoner to exhaust "such administrative remedies as are available" before filing a federal lawsuit. 42 U.S.C. § 1997e(a). As a general matter, the administrative process established by the California Department of Corrections ("CDC") has four distinct steps: (1) informal complaint; (2) first formal appeal to an appeals coordinator; (3) second formal appeal to the institution head, regional parole administrator, or their designee; and (4) third level appeal to a designated representative of the director under supervision of the chief, inmate appeals. 15 Cal. Code. Reg. § 3084.5. A prisoner's informal complaint must be submitted on CDC Form 602. *Id.* at § 3084.2(a). The prison evaluates the informal complaint, provides its response on the same form, and then returns the form to the prisoner. *Id.* at § 3084.5(a)(2). This form must then be submitted to the appeals coordinator as part of the prisoner's first formal appeal. *See* CDC Form 602. Because Irby alleges misconduct by Captain Coolidge, a peace officer within the meaning of the regulations, Irby was free to bypass the informal complaint step. 15 Cal.Code. Reg at § 3084.5(a)(3)(G) ("The informal level shall be waived" in certain cases, including those involving the alleged misconduct of departmental peace officers).

Citing § 3084.5(a)(3)(G), the district court held that Irby failed to exhaust because he was *required* to initiate the process by filing a first formal appeal. In so holding, the district court observed that "[h]ad it not been for the above waiver of the informal level exception, the court would have held that the failure of Officer Coolidge to timely respond satisfied [Irby's] obligation to exhaust his administrative remedies."

The district court incorrectly interpreted the effect of § 3084.5(a)(3)'s waiver language. A prisoner's obligation to begin at the informal level is waived in the situations set out in § 3084.5(a)(3)(A)-(H). CDC regulations, therefore, allowed Irby to bypass the informal level and to initiate his case against Captain Coolidge at the first formal level. It did not require him to do so. In some cases this might mean that a prisoner has another "available" administrative remedy that he must exhaust before he may bring suit in federal court. Captain Coolidge, however, has failed to carry his burden of demonstrating that Irby failed to exhaust his available administrative remedies, *see Wyatt*, 315 F.3d at 1119, because he fails to refute Irby's argument that he could not proceed to the first formal appeal level because the prison failed to return his Form 602. We therefore remand to the district court for consideration of the merits of Irby's § 1983 claim.

REVERSED AND REMANDED.